Mr. Gibson DuTerroil Chairperson Texas Committee on Purchases of Products and Services of Blind and Severely Disabled Persons 314 Highland Mall Boulevard Suite 258 Austin, Texas 78752
Re: Applicability to counties, cities, hospital districts, and school districts of chapter 122 of the Human Resources Code, which relates to the procurement of the products or services of disabled individuals
Dear Mr. DuTerroil:
You ask about the apparent conflict between a statute that allows political subdivisions to purchase products or services produced by disabled persons without engaging in competitive bidding and statutes that require certain political subdivisions to engage in competitive bidding.
Section 122.014 of the Human Resources Code provides:
 A product manufactured for sale to a political subdivision of this state or an office or department thereof shall be manufactured or produced according to specifications developed by the purchaser. A political subdivision of this state may purchase products or services for its use from private businesses through its authorized purchasing procedures, but may substitute equivalent products or services produced by blind or other severely disabled persons under the provisions of this chapter. Nothing in this chapter shall be construed to require a nonprofit agency for blind or other severely disabled persons to engage in competitive bidding. (Emphasis added).
You ask whether counties, cities, school districts, and hospital districts may purchase products or services from the disabled without engaging in competitive bidding pursuant to section 122.014 even under circumstances in which other statutes require them to engage in competitive bidding.
In Attorney General Opinion JM-385 (1985), we considered whether a county was required to comply with the competitive bidding procedure set out in the County Purchasing Act, article 2368a, V.T.C.S., before it could purchase goods or services from the disabled pursuant to section 122.014 of the Human Resources Code. Because specific statutes prevail over general statutes on the same subject, we concluded that the specific exception from competitive bidding set out in section 122.014 of the Human Resources Code prevailed over the general requirements of the County Purchasing Act when the county purchased goods or services from the disabled.
The same reasoning applies to the other political subdivisions you ask about. General statutes require cities, hospitals, and school districts to engage in competitive bidding before they make certain purchases. V.T.C.S. art. 2368a, § 2 (cities); V.T.C.S. art. 4494o, § 34 (hospital districts); Educ. Code § 21.901 (school districts). Those general statutes are inapplicable, however, to a situation in which one of those subdivisions purchases goods or services pursuant to section122.014 of the Human Resources Code.
 SUMMARY
General statutes that require counties, cities, hospital districts, and school districts to engage in competitive bidding in order to make certain purchases do not apply to purchases such political subdivisions make pursuant to section 122.014 of the Human Resources Code.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General